IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| QUINCY B. JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:20-CV-324-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on Quincy B. Jones's pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. # 1. As discussed below, the court finds Jones's self-described § 2254 petition constitutes a successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which Jones filed without the required appellate court authorization. Absent that authorization, this court lacks jurisdiction to consider the § 2255 motion, and the motion should be dismissed.

## **I. INTRODUCTION**

On September 19, 2011, in Criminal Case No. 1:11cr4-WKW, Jones pleaded guilty to conspiring to possess with intent to distribute cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 846. On September 6, 2012, in Criminal Case No. 2:12cr156-WKW, Jones pleaded guilty to using a telephone

with intent to commit a murder-for-hire, in violation of 18 U.S.C. § 1958(a). The latter charge arose out of Jones's attempt to arrange the murder of a witness connected to his drug conspiracy case. Sentencing in the two cases was consolidated and a sentencing hearing was held on November 1, 2012. The district court sentenced Jones to 200 months in prison on the drug conspiracy conviction, to run concurrently with a 120-month sentence imposed for the conviction for using a telephone with intent to commit a murder-for-hire. Jones took no direct appeal.

In his self-described § 2254 petition, Jones challenges his sentence, claiming this court used the wrong guidelines range because (1) his presentence investigation report ("PSI") improperly treated three of his prior felonies as unrelated and assigned criminal history points for each, and (2) he was improperly assigned criminal history points for a youthful-offender adjudication. Doc. # 1 at 5, 7; Doc. # 1-1 at 3.

## II. DISCUSSION

Jones's petition challenges his federal sentence. Therefore, he seeks relief appropriate only under 28 U.S.C. § 2255. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005); *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017). "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Jones filed his pro

Case 2:20-cv-00324-WKW-CSC   Document 6   Filed 05/21/20   Page 3 of 7

se pleading using the form for a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] However, regardless of the label Jones attaches to his pleading, this court finds his pleading is of the same legal effect as, and should be construed as, a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[2]

Jones has previously filed separate § 2255 motions challenging his convictions and/or sentence in Criminal Case No. 1:11cr4-WKW (the drug conspiracy case) and Criminal Case No. 2:12cr156-WKW (the intent to commit murder-for-hire case). Both of those prior § 2255 motions were filed on October 23, 2013. The two motions were docketed as Civil Action No. 1:13cv801-WKW (the drug conspiracy case) and Civil Action No. 2:13cv803-WKW (the intent to commit murder-for-hire case). On December 23, 2015, this court entered a final judgment denying Jones's § 2255

---

[1] Section 2254 provides a vehicle for state prisoners to challenge their custody pursuant to the judgment of a state court. *See, e.g., Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004). Jones is challenging his *federal* sentence.

[2] In *Castro v. United States*, 540 U.S. 375, 382 (2003), the Supreme Court held that a district court may not recharacterize a pro se litigant's filing as a first § 2255 motion without "notify[ing] the pro se litigant that it intends to recharacterize the pleading, warn[ing] the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provid[ing] the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Id*. at 383. *Castro* was intended to give a pro se litigant warning of the heightened bar that attaches after a first § 2255 motion is filed. Because only a first § 2255 motion has subsequent procedural implications, however, *Castro* does not apply where a defendant has already filed an initial motion for relief under § 2255. *See, e.g., United States v. Harris*, 546 F. App'x 898, 900 (11th Cir. 2013); *United States v. Davis*, 140 F. App'x 189, 190 n.1 (11th Cir. 2005). Because, as discussed in this Recommendation, Jones's instant pleading constitutes a successive § 2255 motion, *Castro* does not require that this court give Jones notice before characterizing his "§ 2254 petition" as a successive § 2255 motion.

3

motion with prejudice in Civil Action No. 1:13cv801-WKW,[3] and on December 10, 2015, this court entered a final judgment denying Jones's § 2255 motion with prejudice in Civil Action No. 2:13cv803-WKW.[4]

Jones filed another § 2255 motion on November 26, 2018, in which he asserted claims of ineffective assistance of counsel against the lawyer who represented him at the consolidated sentencing for his criminal cases. *See* Civil Action No. 1:18cv998-WKW. On April 23, 2019, this court entered a judgment dismissing the § 2255 motion as a successive motion filed without the required authorization from the Eleventh Circuit Court of Appeals.[5]

On April 16, 2019, Jones filed yet another § 2255 motion challenging his convictions and sentence. *See* Civil Action No. 2:19cv289-WKW. On May 28, 2019, this court entered a judgment dismissing the § 2255 motion as successive and filed without Eleventh Circuit authorization.[6]

---

[3] *See* Civil Action No. 1:13cv801-WKW, Docs. # 11 and 12 (Order of District Judge Adopting Magistrate Judge's Recommendation [Doc. # 10] and Final Judgment of District Judge Dismissing Case with Prejudice).

[4] *See* Civil Action No. 2:13cv803-WKW, Docs. # 12 and 13 (Order of District Judge Adopting Magistrate Judge's Recommendation [Doc. # 11] and Final Judgment of District Judge Dismissing Case with Prejudice).

[5] *See* Civil Action No. 1:18cv998-WKW, Docs. # 3 and 4 (Order of District Judge Adopting Magistrate Judge's Recommendation [Doc. # 2] and Final Judgment of District Judge Dismissing Case for Lack of Jurisdiction).

[6] *See* Civil Action No. 2:19cv289-WKW, Docs. # 3 and 4 (Order of District Judge Adopting Magistrate Judge's Recommendation [Doc. # 2] and Final Judgment of District Judge Dismissing Case for Lack of Jurisdiction).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

Jones's instant § 2255 motion is successive as to the two § 2255 motions he filed in October 2013 in Civil Action No. 1:13cv801-WKW and Civil Action No. 2:13cv803-WKW. Those earlier § 2255 motions—which attacked the same sentence Jones challenges in his instant § 2255 motion—were both adjudicated on the merits and denied with prejudice. "The bar on second or successive motions is jurisdictional." *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013). A federal district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain the requisite permission from the appellate court to file a successive motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Jones presents no evidence of his having obtained authorization from the Eleventh

5

Circuit Court of Appeals to file a successive § 2255 motion. Because Jones has not obtained the required authorization from the appellate court, this court lacks jurisdiction to consider his present § 2255 motion, and the motion is due to be dismissed for lack of jurisdiction. *See, e.g., Farris*, 333 F.3d at 1216; *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Jones's § 2255 motion (Doc. # 1) be dismissed for lack of jurisdiction because he has not received permission from the appellate court to file a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before June 4, 2020.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected to factual and legal conclusions accepted or adopted by the District Court except upon grounds

of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3 1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 21st day of May, 2020.

     /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE