IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| QUINCY B. JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:20-CV-324-WKW |
| | ) [WO] |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| Respondent. | ) |

## **ORDER**

On May 21, 2019, the Magistrate Judge filed a Recommendation that Petitioner Quincy B. Jones's 28 U.S.C. § 2255 petition be denied as a second or successive petition. (Doc. # 6.) Petitioner has timely objected. (Doc. # 7.) The objections are due to be overruled, and the Recommendation is due to be adopted.

Petitioner originally filed this action as a 28 U.S.C. § 2254 petition seeking removal of allegedly erroneous information in his presentence report that pushed him into in a higher criminal history category and, consequently, lengthened his sentence. Petitioner filed objections belatedly arguing that he has a cause of action under *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C. Cir. 1992). However, the Magistrate Judge properly construed his petition as a § 2255 motion because Petitioner is attempting to correct a sentence imposed in federal court. *Compare* 28

U.S.C. § 2254 (applying to "person[s] in custody pursuant to the judgment of a State court only" raising claims that they are "in custody in violation of the Constitution or laws or treaties of the United States"), *with* 28 U.S.C. § 2255 (applying to "prisoner[s] in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence").

Petitioner does not object to any of the Recommendation's findings regarding the court's jurisdiction to hear his successive § 2255 petition (Doc. # 7), and for the reasons stated in the Recommendation, this court lacks jurisdiction to pass judgment on the merits of the petition.  Based upon an independent and *de novo* review of the Recommendation, *see* 28 U.S.C. § 636(b), the court finds that the Recommendation is due to be adopted and Petitioner's objections are due to be overruled.

Accordingly, it is ORDERED as follows:

(1) Petitioner's Objections (Doc. # 7) are OVERRULED;

(2) The Recommendation (Doc. # 6) is ADOPTED;

(3) Petitioner's 28 U.S.C. § 2255 motion is DENIED as a second or successive petition; and

(4)   This case is DISMISSED without prejudice.

Final judgment will be entered separately.

A certificate of appealability will not be issued. For a petitioner to obtain a certificate of appealability, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). And, where a petition is denied on procedural grounds, he "must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue about the correctness of the procedural ground on which the petition was denied." *Gordon v. Sec'y, Dep't of Corrs.*, 479 F.3d 1299, 1300 (11th Cir. 2007) (citations omitted). "A 'substantial question' about the procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason." *Id.*

Because reasonable jurists would not find the denial of Petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

DONE this 28th day of September, 2020.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE

(4)   This case is DISMISSED without prejudice.

Final judgment will be entered separately.

A certificate of appealability will not be issued. For a petitioner to obtain a certificate of appealability, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). And, where a petition is denied on procedural grounds, he "must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue about the correctness of the procedural ground on which the petition was denied." *Gordon v. Sec'y, Dep't of Corrs.*, 479 F.3d 1299, 1300 (11th Cir. 2007) (citations omitted). "A 'substantial question' about the procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason." *Id.*

Because reasonable jurists would not find the denial of Petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

DONE this 28th day of September, 2020.

      /s/ W. Keith Watkins
      UNITED STATES DISTRICT JUDGE